UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARCELL H. JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11346** |
| **JEFFERSON PARISH CORRECTIONAL CENTER** | **SECTION "T"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* **28 U.S.C. § 2254(e)(2) (2006)**.[1]

### I.   Factual and Procedural Background

The petitioner, Arcell H. Johnson ("Johnson"), is an inmate incarcerated in the Jefferson Parish Correctional Center in Gretna, Louisiana.[2]  Johnson submitted this petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which, broadly construed, challenges his confinement in the Jefferson Parish Correctional Center and references without detail an Orleans Parish conviction for theft and possibly an Orleans Parish detainer related to a bank fraud charge.[3]

Johnson, however, does not indicate the particular conviction being challenged in this case. The form § 2254 petition filed by Johnson is signed and dated, but otherwise left mostly blank or

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

[3] Rec. Doc. No. 1, pp. 1, 2, 12.

incomplete in the most relevant portions.  Most importantly, Johnson fails to identify or set out any specific claims or issues for the Court to consider.

On June 26, 2019, this Court issued and Order directing that, on or before July 24, 2019, Johnson file an amended petition in accordance with the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases.[4]  The Order was mailed to Johnson at his address of record, and the envelope has not been returned as undeliverable.  Johnson has not responded to the Court's July 24, 2019, Order or otherwise corrected his petition.

## II.     Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a petitioner's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *see*, *e.g.*, *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).  A Rule 41(b) dismissal is considered an adjudication on the merits.  Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the petitioner, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).  "[T]he failure of a *pro se* litigant to notify the district court of an address change may be considered by the district

---

[4]Rec. Doc. No. 4.

court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007).

In this case, the petitioner is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quotations omitted); *Birl*, 660 F.2d at 593.

## III.  Discussion

As indicated above, Johnson has not replied to the Court's Order or filed an amendment to his petition to identify the conviction being challenged and the claims being asserted. As noted in the Court's June 26, 2019, Order, Rule 2(c) in relevant part requires that a petition: "(1) specify all the grounds specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested. . ." Johnson's petition fails to meet these requirements. Without this information, the Court cannot proceed with the case.

Because of the sparse information in the petition, the Court is unable to issue a briefing order to a particular prosecutorial entity or to direct that briefing be filed in connection with a particular conviction or claim. This impasse is due solely to Johnson's failure to respond to the Court's June 26, 2019, Order and properly plead his case.

Johnson was notified in the Order that his failure to file the amended petition would result in a recommendation that the petition be dismissed for failure to prosecute. Therefore, dismissal

with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.[5]

### IV.   Recommendation

It is therefore **RECOMMENDED** that Arcell H. Johnson's petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** for failure prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[6]

New Orleans, Louisiana, this 2nd day of July, 2019.

_____
KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[5] The dismissal for failure to prosecute constitutes a judgment on the merits of this petition.  *Accord*, *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality . . . treat a dismissal . . . for failure to prosecute . . . as a judgment on the merits."); *Reyes v. United States*, No. 98-4522, 1999 WL 1021815, at *3 (E.D.N.Y. Apr. 12, 1999) (dismissal of first habeas petition for failure to prosecute under Fed. R. Civ. P. 41(b) is a dismissal on the merits for purposes of the second or successive doctrine).

[6] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.